**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH GENE ALLRED, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-CV-125-CMS |
| | ) | |
| MADISON COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Kenneth Gene Allred, Sr., brings this action for alleged civil rights violations under 42 U.S.C. § 1983. (Doc. 1). The matter is now before the Court upon Plaintiff's application to proceed in district court without prepaying costs or fees and motion to appoint counsel. (Docs. 2, 4). After considering the application and financial information provided, the Court will grant the application and assess an initial partial filing fee of $6.38. *See* 28 U.S.C. § 1915(b)(1). The motion to appoint counsel will be denied. Additionally, for the reasons discussed below, the Court will order Plaintiff to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner at Eastern Reception and Diagnostic Correctional Center in Bonne Terre, Missouri. (Doc. 1). Having reviewed the information submitted with the motion to proceed without prepaying fees and costs, the Court will require plaintiff to pay an initial partial filing fee of $6.38.[1] *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

---

[1] Based on the limited information submitted by Plaintiff, he had average monthly deposits of $31.89 and an average monthly balance of $20.43 in the two months prior to case initiation. The Court calculated an initial partial filing fee of $6.38, which is twenty percent of Plaintiff's average monthly deposits. The Court finds this amount reasonable under *Henderson* and 28 U.S.C. § 1915(b)(1).

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording complaints filed by self-represented plaintiffs the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. In his caption, he lists only Madison County Jail as the defendant. (Doc. 1). However, in the body of the complaint, Plaintiff does not identify Madison County Jail and instead identifies two members of the Madison County Sherriff's Department as defendants. *Id.* at 2-3. Plaintiff claims he was denied medical care at Madison Medical Center. *Id.* at 3. He was then transferred to Madison County Jail where

he requested medical treatment and was denied. *Id*. Plaintiff states he was placed in a holding cell for 24 hours without medical attention. *Id*. at 4. When he was released, he went to the hospital and discovered he had 12 broken ribs "from the accident" and fluid drained from his left lung. *Id*. Plaintiff provides no dates for when this occurred.

Plaintiff requests five million dollars in damages and pain and suffering from the Madison County Sherrif's Department and the two listed employees. *Id*. at 5.

**Discussion**

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that claims against defendants are subject to dismissal. But in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Plaintiff fails to provide several crucial details that are required for him to state a claim upon which relief can be granted. First, Plaintiff provides no date for when he was allegedly denied medical care. Without this information, the Court cannot determine whether Plaintiff has filed this claim within the statute of limitations. Further, he does not explain the alleged "accident," when the accident occurred in relation to his being jailed at the Madison County Jail, the symptoms he was experiencing when he was at Madison County Jail, or how the alleged delay in medical treatment harmed him. Finally, Plaintiff must clearly identify the defendants he intends to sue. The named defendants should be consistent in the caption and within the body of the complaint.

In consideration of Plaintiff's self-represented status, the Court will give him the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, meaning the amended complaint must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must follow Rules 8 and 10 of the Federal Rules of

Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief and that each averment be simple, concise, and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. If Plaintiff fails to file an amended complaint within 30 days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**Motion to Appoint Counsel**

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel

in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to establish a *prima facie* claim, so consideration of appointment of counsel is premature. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying costs or fees (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $6.38 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

Dated this 9th day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE